IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-18,458-02






EX PARTE WILLIAM DEE SHANNON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR86-218-2 IN THE 207TH DISTRICT COURT


FROM COMAL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty years' imprisonment. 

 Applicant contends that his sentence has been illegally extended. Applicant has alleged facts
that, if true, might entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. If
Applicant was released to parole or mandatory supervision, the affidavit should state whether
Applicant is serving a sentence for, or has previously been convicted of, an offense which was listed
in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation. The affidavit should also
address how much time was remaining on this sentence on the date that Applicant was released on
parole or mandatory supervision, and how much time Applicant spent on release before the issuance
of the parole-revocation warrant. The affidavit should state whether or not Applicant is receiving
credit for any of the time spent on parole or mandatory supervision. Finally, the affidavit should
indicate whether or not Applicant has submitted him claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted him administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant's sentence has been illegally extended. 
Specifically, the trial court shall make findings as to whether Applicant was released to parole or
mandatory supervision and whether Applicant is eligible to earn street time credit. If Applicant was
released to parole or mandatory supervision, and that release was revoked, the trial court shall make
findings as to whether Applicant is entitled to credit for the time spent on release. The trial court
shall also make findings as to whether Applicant is receiving the proper amount of time credit for
that time. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 28, 2010

Do not publish